903 So.2d 321 (2005)
V.H., Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3712.
District Court of Appeal of Florida, Second District.
June 10, 2005.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
V.H. challenges his adjudication of delinquency for possession of cocaine and possession of cannabis. He entered a no contest plea to the charges, specifically reserving the right to appeal the denial of his dispositive motion to suppress. We *322 agree with V.H. that the police had no probable cause to search him and that the State failed to prove that he consented to the search. Accordingly, we reverse.
Generally, warrantless searches or seizures are per se unreasonable unless the search or seizure falls within an exception to the warrant requirement, one of which is consent. Smith v. State, 753 So.2d 713, 715 (Fla. 2d DCA 2000). Under this exception, the State must show that "consent was unequivocally given, and not merely deference to the apparent authority of the police." Thompson v. State, 555 So.2d 970, 971 (Fla. 2d DCA 1990). If there is any doubt as to whether consent was given, that doubt must be resolved in favor of the person who was searched. Robinson v. State, 388 So.2d 286, 291 (Fla. 1st DCA 1980).
At the suppression hearing, the State offered the following testimony of Officer Cion Bell to establish that V.H. consented to the search:
Q: [Prosecutor]: Okay. Officer Jordan and McCoy, how were they dressed?
A: [Officer Bell]: They had on their police vests. At the time I got out of the truck I put my vest on.
Q: Okay. Okay, so tell us what happened when you  when you first came into contact with the Defendant?
A: We  we told him that he didn't have any headlights on the bike; that he needed  that he needed lights on the bike. I then, since it was a  we were conducting narcotics complaints, I then advised him that what we are  we were there in the area conducting narcotics complaints. I asked him if he had any narcotics on him. He said no. I asked if I could search him. He consented and 
Q: Okay. Did you  how did you ask him, you know, if you could search him? Did you just  describe your tone of voice.
A: I said, "Do you have any narcotics on you?" He said, "No."
Q: Just like that?
A: Yes.
Q: Okay.
A: I said, "Do you mind if I search you?" and he said, "Yes."
This exchange does not unequivocally establish V.H.'s consent. See State v. Kassidy, 495 So.2d 907, 908 (Fla. 3d DCA 1986) (holding that a response of "sure" to the question "do you mind if I pat you down?" did not establish consent); Robinson, 388 So.2d at 291 (holding that the defendant's response of "yeah" to the question "do you mind if I search?" raised a doubt as to whether the defendant had consented to the search of his person). On the contrary, it tends to establish that V.H. did not consent. Accordingly, V.H.'s motion to suppress should have been granted.
Reversed.
SILBERMAN and VILLANTI, JJ., Concur.